IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 07-00183-01-CR-W-NKL |
| DIEGO G. CORTEZ-COREAS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On August 29, 2007, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On May 29, 2007, an indictment was returned, charging Defendant with one count of illegal reentry into the United States after having been previously deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).[1] A change-of-plea hearing was held on August 29, 2007. Defendant was present, represented by appointed counsel Travis Poindexter. The government was represented by

---

[1] On June 6, 2007, an order of interlineation was entered, amending the Indictment to read as follows:
    That on or about May 21, 1007, in the Western District of Missouri, DIEGO G. CORTEZ-COREAS, a/k/a JUAN PALACIOS-PINEDA, a/k/a JUAN PALACIOS, defendant herein, an alien who had been previously deported and removed from the United States on or about September 17, 1996, subsequent to a 1992 conviction for Possession of Narcotics For Sale and a 1995 conviction for Possession of a Firearm by a Felon, both offenses which constitute "aggravated felonies" as defined by Title 8, United States Code, Section 1101(a)(43), was found in the United States without having obtained the consent of the Attorney General of the United States for re-application by the defendant for admission into the United States.
    All in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

Assistant United States Attorney Richard Staples. The proceedings were recorded and a transcript of the hearing was filed on August 30, 2007.

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly

2

perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On May 29, 2007, an indictment was returned, charging Defendant with one count of illegal reentry into the United States after having been previously deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The court read the charge against Defendant and Defendant indicated that he understood the nature of the charge (Tr. at 4).

3. The statutory penalty for possession illegal reentry is not more than twenty years imprisonment, a fine of not more than $250,000, a supervised release term of not more than three

3

years, and a $100 mandatory special assessment fee (Tr. at 4). Defendant was informed of the penalty range and indicated that he understood (Tr. at 4).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 5-6);

   c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6);

   d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6-7);

   e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7);

   f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7); and

   g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8).

5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 9).

6. Defendant was informed that during the change-of-plea proceeding, he would be

4

Case 4:07-cr-00183-NKL   Document 23   Filed 08/31/07   Page 4 of 7

placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9).

7. There has been open file discovery in this case (Tr. at 9).

8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 10).

9. Defendant was placed under oath (Tr. at 10). Defendant admitted that he had been deported from the United States on September 17, 1996 (Tr. at 11). He was deported following a 1992 conviction involving the possession of narcotics for sale and a 1995 felon in possession of a firearm conviction (Tr. at 11). Defendant returned to the United States on or about May 21, 2007, at which time he had not requested permission to do so (Tr. at 10, 11).

10. There is no written plea agreement between the United States and Defendant (Tr. at 12). Defendant chose to plead guilty so he could be provided with recognition of acceptance of responsibility (Tr. at 10). Defendant understood that although Mr. Poindexter estimated Defendant would face a term of imprisonment of fifty-seven to seventy-one months under the Federal Sentencing Guidelines, the maximum statutory punishment for illegal reentry into the United States is up to twenty years imprisonment (Tr. at 14-19). Due to the lack of written plea agreement, Defendant understood he retained the right to appeal his sentence if it believes it is unreasonable (Tr. at 18).

11. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 12).

12. Defendant is satisfied with the representation he has received from Mr. Poindexter

(Tr. at 12-13). There is nothing he has done that Defendant did not want him to do, and there is nothing he wanted him to do that he has not done (Tr. at 13).

13. Defendant is thirty-six years old and completed three years of school (Tr. at 13). He has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to this charge (Tr. at 13-14). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 13-14).

14. Defendant tendered a plea of guilty to the Indictment (Tr. at 19-20).

15. The parties waived the ten-day objection period to the Report and Recommendation (Tr. at 20).

## V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for illegal reentry into the United States include: (1) Defendant is an alien; (2) Defendant was previously deported; and (3) Defendant reentered the United States without proper permission. United States v. Rodriguez-Arreola, 270 F.3d 611, 619 n.15 (8th Cir. 2001)(quoting United States v. Gornez-Orozco, 188 F.3d 422, 425 (7th Cir. 1999)).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every

element of the Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the Indictment.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 30, 2007